# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose G.,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement; Daren K. Margolin, Director for Executive Office for Immigration Review; Executive Office for Immigration Review; and David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,<br><br>　　　　　　Respondents. | No. 26-cv-0545 (SRN/LIB)<br><br><br><br>**ORDER** |

David L. Wilson, Wilson Law Group, 3019 Minnehaha Ave., Minneapolis, MN 55406, for Petitioner

Ana Voss and Liles Harvey Repp, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Petitioner Jose G. Petitioner seeks immediate release from detention, or a prompt bond hearing in Immigration Court. Respondents oppose the Petition. (Resp'ts' Opp'n [Doc. No. 4].)

1

The Court has taken the Petition under advisement on the papers.  For the reasons set forth below, the Petition is granted and Respondents shall release Petitioner, subject to any conditions in his prior order of supervision.

## I.    BACKGROUND

Petitioner is a citizen of Mexico.[1]  (Pet. ¶ 38.)  He entered the United States without inspection for the first time more than five years ago.  (*Id.* ¶ 39.)  He is currently in removal proceedings, has filed an application for relief, and is awaiting a hearing date before the Immigration Court.  (*Id.* ¶ 40.)  Respondents previously released him under an order of supervision.  (*Id.* ¶ 42.)

Respondents detained Petitioner on January 16, 2026, when he appeared for a regular immigration check-in.  (*Id.* ¶¶ 42, 44.)  Petitioner alleges that Respondents detained him without a judicial search warrant, judicial arrest warrant, or administrative warrant of arrest.  (*Id.* ¶ 45.)  Respondents are detaining Petitioner in ICE custody at the Sherburne County Jail in Elk River, Minnesota.  (*Id.* ¶ 48.)

After his arrest, Petitioner filed the instant Petition, asserting that he is entitled to immediate release, or, in the alternative, a bond hearing.  (Pet. ¶¶ 38–119; Reply [Doc. No. 5] at 9.)  Petitioner also requested that the Court issue an order to show cause enjoining

---

[1] The "Parties" section of the Petition identifies Petitioner as a citizen of Honduras (Pet. ¶ 22), while the "Factual Allegations & Procedural History" section identifies him as a citizen of Mexico (*id.* ¶ 38).  The Court assumes the reference to Mexico is correct because other Petitioner-specific facts are found in the "Factual Allegations & Procedural History" section.  In any event, it is undisputed that Petitioner is not a U.S. citizen.

Respondents from moving him outside of this District pending adjudication of his Petition. (*Id*. at 29–30.)

In the Court's Order to Show Cause, the Court enjoined Respondents from moving Petitioner out of Minnesota until further order of the court.  (OSC [Doc. No. 3] ¶ 4.)  The Court also ordered Respondents to show cause for the "true cause and proper duration of Petitioner's confinement," and directed Respondents to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release."  (*Id.* ¶¶ 1, 2(e).)

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is therefore not entitled to release.  Their position is consistent with new interim guidance from the Department of Homeland Security ("DHS")/ICE, and a recent decision from the Board of Immigration Appeals ("BIA") finding that all persons who enter the United States without inspection, including those who have been residing here for some time, are "applicants for admission" under 8 U.S.C. § 1225(a), subject to mandatory detention, rather than discretionary detention under § 1226(a).  *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (noting interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  Respondents invoke their prior positions, as set forth in *Avila v. Bondi*, No. 25-3248 (8th Cir. Nov. 10, 2025), currently pending before the Eighth Circuit Court of Appeals.  (Resp'ts' Opp'n at 1–2.)  It is their position that as a matter of statutory interpretation, Petitioner falls under the provisions of 8 U.S.C. § 1225, not § 1226, and therefore, is not entitled to release.  They concede that the instant Petition raises legal and factual issues similar to those in prior habeas petitions this Court

3

has decided.[2]    (*Id.*)    As the question of whether the absence of a warrant preceding Petitioner's arrest necessitates his release, Respondents state,

> ICE has not provided the undersigned with information to confirm the presence or absence of a warrant.  8 U.S.C. § 1357(a)(2) permits arrests by immigration officers without a warrant in certain circumstances. Federal Respondents maintain that, as Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2), immediate release is not appropriate.

(Resp'ts' Opp'n at 2–3.)

## II.    DISCUSSION

While the parties dispute whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the INA applies to a noncitizen who is already residing in the United States, there is no dispute that Petitioner was arrested while already residing in the United States.

This Court has previously found, along with the Seventh Circuit Court of Appeals— the only circuit court to have addressed the issue—and the vast majority of district courts throughout the country, that the applicable detention scheme for noncitizens already residing in the country is under § 1226(a), absent any exceptions under § 1226(c).

---

[2]    Respondents do not challenge subject matter jurisdiction or administrative exhaustion.  Nevertheless, the Court briefly addresses these issues.  As to jurisdiction, the Court finds that none of the jurisdiction-stripping provisions of 8 U.S.C. § 1252 apply to the question of whether mandatory detention under § 1225(b)(2) or discretionary detention under § 1226(a) applies.  *See Maldonado v. Olson*, 795 F. Supp. 3d 1134  (D. Minn. 2025).

As to exhaustion, requiring administrative  exhaustion would be futile in light of *Hurtado*.  *See Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *5 (W.D.N.Y. Nov. 4. 2025) (finding exhaustion of remedies would be futile, even if petitioner had not exhausted his remedies).  Immigration judges would be obliged to follow *Hurtado*'s ruling on the scope of § 1225(b)(2)(A).

*Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025), *E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *see also Demirel v. Fed. Detention Ctr.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *6–7 (E. D. Mich. Sept. 9, 2024) (collecting cases); *Yulexi T. v. Noem*, No. 26-cv-68 (ECT/DTS), 2026 WL 77022, at *2 (D. Minn. Jan. 10, 2026); *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), 2026 WL 63423, at *2–3 (D. Minn. Jan. 8, 2026); *Iishaar-Abdi v. Klang*, No. 25-CV-4686 (JRT/DTS), 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); *Awaale v. Noem*, No. 25-cv-4551 (MJD/JFD), 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Hugo v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025); *Lionel V.F. v. Bondi*, No. 25-cv-4474 (PJS/LIB), 2025 WL 3485600, at *1 (D. Minn. Dec. 4, 2025). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. *Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4. 2025). Respondents do not assert that any of the exceptions under § 1226(c) apply. The Court remains unpersuaded by Respondents' statutory interpretation of §§ 1225(b)(2)(A), but notes that Respondents' arguments are preserved for appeal.

Having determined that § 1225(b) is inapplicable to Petitioner, who would otherwise fall under § 1226(a), the Court turns to the appropriate remedy. Section 1226(a) provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). The statute requires the issuance of a warrant as a

precursor to detention under § 1226(a).  *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citing *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025)).  "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Chogllo Chafla*, 2025 WL 2688541, at *11 (emphasis in original).

Petitioner alleges that he was arrested and detained without a warrant and he requests immediate release.  (Pet. ¶¶ 1, 45.)  Respondents have failed to provide their counsel with the requested information to confirm the presence or absence of a warrant supporting Petitioner's detention. (Resp'ts' Opp'n at 3.)  Petitioner's arrest and detention are therefore unauthorized.

As other judges in this District have found, the appropriate remedy for detention that lacks a proper statutory basis under § 1226(a) is release.  *Ahmed M.*, 2026 WL 25627, at *3 (finding release the appropriate remedy where Respondents did not produce a warrant); *Juan S.R. v. Bondi*, No. 26-cv-0005 (PJS/LIB) (D. Minn. Jan. 12, 2026) [Doc. No. 8 at 3–4] (following the reasoning of *Ahmed M.* and ordering immediate release where Respondents failed to present evidence of a warrant); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9] at 6] ("[A] bond hearing presupposes lawful detention authority under § 1226.  Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect.").  "Habeas relief . . . addresses the

lawfulness of custody itself," and "[f]or detention that lacks a lawful predicate, release is an available and appropriate remedy." *Vedat C.*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9] at 6]. Accordingly, Respondents shall release Petitioner from custody.

Accordingly, the Court grants Petitioner's request for release, as set forth below.

## III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Jose G.'s Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**, as follows:

2. Respondents shall release Petitioner from custody immediately, but no later than within 48 hours, subject to any previously imposed conditions of release.

3. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order.

4. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

Dated: January 27, 2026                          s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge